UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  25-Cv-2553 |
| | ) |
| JUST MASONRY, INC., | ) |
| an Illinois corporation, and | ) |
| JASON JUST, individually, | ) |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

Plaintiff Central Laborers' Pension Fund, by its attorneys, complain against Defendants JUST MASONRY, INC. and JASON JUST, as follows:

### COUNT I
against
JUST MASONRY, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff is a multiemployer pension fund established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff receives fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. Plaintiff's right to receive fringe benefit contributions also arises pursuant to participation agreements between the Plaintiff and employers.

4. JUST MASONRY, INC. is an Illinois corporation doing business in (and with its principal place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). JUST MASONRY, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

5. JUST MASONRY, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. A copy of one such collective bargaining agreements is attached as *Exhibit A*. JUST MASONRY, INC. has never terminated the collective bargaining agreements and they remain in effect.

6. By virtue of certain provisions contained in the collective bargaining agreement(s), JUST MASONRY, INC. became a party to and bound by the Plaintiff's trust agreements.

7. JUST MASONRY, INC. became a party to and bound by one or more participation agreements with the Plaintiff. No party has terminated the participation agreements, and they remain in effect.

8.	By virtue of certain provisions contained in the participation agreement(s), JUST MASONRY, INC. became a party to and bound by the Plaintiff's trust agreements.

9.	JUST MASONRY, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiff.

10.	JUST MASONRY, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

11.	JUST MASONRY, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiff.

12.	Under the terms of the collective bargaining agreements, participation agreements and trust agreements, JUST MASONRY, INC. is required to make fringe benefit contributions and dues payments to Plaintiff on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, JUST MASONRY, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

13.	Based on employer reports, employee pay records, and related documents, JUST MASONRY, INC. failed and refused to pay all contributions and work dues for the following months in accordance with the provisions of the collective bargaining agreements, participation

agreements, and trust agreements. Delinquent amounts include but may not be limited to the following:

| | |
|---|---|
| Delinquent Contributions (06/2024 Local 393): | $2,198.61 |
| Remittance report form *shortages* (May 2023 / Local 393): | $583.62 |
| Remittance report form *shortages* (11/2023 / Local 393): | $16.00 |
| **Total** | **$2,797.62** |

14. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

15. Because contributions were not paid when due, JUST MASONRY, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | |
|---|---|
| Late Fee (Delinquent Contributions (November 2022;06/2024 Local 393): | $219.86 |
| **Total:** | **$219.86** |

16. The total amount owed by JUST MASONRY, INC. pursuant to the trust agreements is not less than $3,018.09, consisting of not less than: $2,198.61 in delinquent fringe benefit contributions, $583.62 in remittance report form shortages (delinquent fringe benefit contributions), $16.00 in additional report form shortages (delinquent fringe benefit contributions), and $219.86 in late payment penalties.

17. JUST MASONRY, INC. has failed and refused to pay the amount of $3,018.09 known to be due to Plaintiff.

18. Plaintiff has been required to employ the undersigned attorneys to identify and pursue collection of the amount due from JUST MASONRY, INC.

19. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff for attorney's fees and costs.

20. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against JUST MASONRY, INC. in favor of Plaintiff.

B. Order JUST MASONRY, INC. to pay Plaintiff not less than $3,018.09.

C. Order JUST MASONRY, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff.

D. Order JUST MASONRY, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiff such other and further relief as may be just.

## COUNT II
Against JASON JUST
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

21. Plaintiff realleges paragraphs 1 - 21 of Count I.

22. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

<u>Breach of Contract / Trust Agreements</u>

23. Plaintiff is advised and believes that JASON JUST is the president and secretary of JUST MASONRY, INC. and is in control of the corporation. Further, Plaintiff is advised and believes that JASON JUST is a director and the chief executive officer of JUST MASONRY, INC.

24. Pursuant to the collective bargaining agreements to which JUST MASONRY, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff as a result of such conduct.

25. Pursuant to the trust agreements establishing the Plaintiff, to which JUST MASONRY, INC. and JASON JUST agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff as a result of such conduct.

26. Plaintiff is informed and believes that JASON JUST did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the collective bargaining agreement, making JASON JUST personally liable for the money owed to the Plaintiff by JUST MASONRY, INC.

<u>Piercing the Corporate Veil</u>

27. There is a unity of interest and ownership between JUST MASONRY, INC. and JASON JUST such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud,

promote injustice, and promote inequitable consequences, making JASON JUST personally liable for the money owed to the Plaintiff by JUST MASONRY, INC.

<u>Alter Ego and/or Single Employer</u>

28. Upon information and belief, and at all times material to this complaint, JUST MASONRY, INC. and JASON JUST have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

29. Based on their nature and activities as alleged the preceding two paragraphs, JUST MASONRY, INC. and JASON JUST constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. JASON JUST is therefore bound by the terms of the collective bargaining agreements, participation agreements, and the trust agreements, making him personally liable for the money owed to Plaintiff by JUST MASONRY, INC.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against JASON JUST in favor of Plaintiff.

B. Order JASON JUST to pay Plaintiff $3,018.09, plus any additional amount shown to be due.

C. Order JASON JUST to pay interest, costs, and reasonable attorneys' fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

D. Order JASON JUST to pay punitive damages.

E. Grant Plaintiff such other and further relief as may be just.

Respectfully submitted,

                                                    CENTRAL LABORERS' PENSION FUND, *et al.*

                                            By:     /s/ *Richard A. Toth*
                                                    One of their attorneys


GEORGES AND SYNOWIECKI, LTD.
*Attorney for Plaintiff*
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

11/09/2012 08:26 FAX 815 873 8972       LABORERS LOCAL 32        → CLPF                    ☒001/008

## GREAT PLAINS LABORERS' DISTRICT COUNCIL

### AFFILIATED WITH

### LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

### AFL-CIO

### 4208 W. Partridge Way, Unit #2, Peoria, IL 61615

### MEMORANDUM OF AGREEMENT

THIS AGREEMENT is entered into by and between the undersigned, herein called the "EMPLOYER" and the GREAT PLAINS LABORERS' DISTRICT COUNCIL, herein called the "UNION", representing and encompassing Local Unions Nos. 32, 43, 165, 177, 205, 231, 309, 340, 353, 362, 393, 538, 566, 620, 727, 751, 996, and 1140 together with any other locals which may come within the jurisdiction of the UNION.

1.  The EMPLOYER hereby recognizes the UNION as the sole and exclusive bargaining representative for all laborers employed by the EMPLOYER in the geographical areas encompassed by the above listed local unions with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

2.  The EMPLOYER herein adopts all of those Collective Bargaining Agreements between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION, NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, ILLINOIS VALLEY CONTRACTORS ASSOCIATION, WESTERN ILLINOIS CONTRACTORS ASSOCIATION, GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION, INC., BUILDERS ASSOCIATION OF TAZEWELL COUNTY, INC., HIGHWAY AND HEAVY CONSTRUCTION CONTRACTORS ASSOCIATION OF TAZEWELL AND FULTON COUNTIES, QUAD-CITY BUILDERS ASSOCIATION, INC., THE ASSOCIATED CONTRACTORS OF THE QUAD CITIES, THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, CENTRAL ILLINOIS BUILDERS OF A.G.C., McLEAN COUNTY CONTRACTORS GROUP, KANKAKEE AREA CONTRACTORS ASSOCIATION, INC., HEAVY HIGHWAY CONTRACTORS ASSOCIATION, AGC OF IOWA, and all other employer associations with whom the UNION or any of its affiliated locals has a duly negotiated and executed bargaining agreement, and adopts all such agreements together with all amendments thereto.

3.  The EMPLOYER agrees that where work is performed in the jurisdiction of any of the above listed locals, the EMPLOYER will be bound by the terms and conditions of the Collective Bargaining Agreement then in effect within that jurisdictional area. In the event that there is a conflict between this Agreement and the agreement of any local union in which the EMPLOYER may be performing work, the EMPLOYER agrees that the prevailing local agreement shall supersede this Agreement so far as it respects rates of pay, wages, hours of employment and other terms and conditions of employment. Nothing herein shall be construed as limiting the jurisdiction of the UNION and the EMPLOYER specifically agrees that such jurisdiction is continuous with that of the aforementioned locals.

4.  The EMPLOYER agrees to pay the amounts which the EMPLOYER is bound to pay under the Collective Bargaining Agreements to the CENTRAL LABORERS' PENSION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, to the ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, to the LABORERS' LOCAL 231 HEALTH AND WELFARE FUND, to the LABORERS' LOCAL 231 PENSION FUND, to the NORTHERN ILLINOIS AND IOWA LABORERS' HEALTH AND WELFARE TRUST, to the CENTRAL LABORERS' ANNUITY FUND, to the

11/09/2012 08:26 FAX 815 873 8972        LABORERS LOCAL 32        → CLPF        @002/008

NORTHERN ILLINOIS ANNUITY FUND, to the GREAT PLAINS LABORERS' ANNUITY FUND, to the LABORERS' LOCAL 231 ANNUITY FUND, to the LABORERS' OF ILLINOIS VACATION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST, to the MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, to the MIDWEST REGION ORGANIZING COMMITTEE, to the LABORERS' POLITICAL LEAGUE, and any other BENEFIT FUND which may hereafter be created or established pursuant to any of the forgoing COLLECTIVE BARGAINING AGREEMENTS (FRINGE BENEFIT FUNDS), and to be bound by and be considered a party to the Agreements and Declaration of Trust creating said Trust Funds as if EMPLOYER had signed and received the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the trust instruments.

The EMPLOYER further affirms and reestablishes that all prior contributions paid to the FRINGE BENEFIT FUNDS were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made and acknowledges the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements as required by Section 302 of the Labor-Management Relations Act. The EMPLOYER further agrees to be bound by all terms and conditions of the Trust Agreements including all requirements of audit, delinquency payments, costs, accountants' fees and attorney's fees where applicable. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Fringe Benefit Funds by the EMPLOYER and where such audit discloses a willful violation of any of the requirements of the Trust Agreements, the officers and directors of the EMPLOYER, if a corporation, or the owner or partners of the EMPLOYER, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fringe Benefit Fund as a result of such conduct.

5. Nothing in this Agreement shall be construed to change the scope or type of work traditionally performed by laborers. The EMPLOYER agrees not to contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure, or other work, except to a person, firm or corporation party to an appropriate Collective Bargaining Agreement with the appropriate local and with the UNION. If an EMPLOYER, bound by this Agreement, contracts or subcontracts any work covered by this Agreement to be done at the job site of the construction, alteration, or repair of a building, structure or other work to any person or proprietor who is not a signatory to this Agreement, and an appropriate local bargaining agreement, the EMPLOYER shall require such subcontractor to be bound to all the provisions of this agreement and the local bargaining agreement, or such EMPLOYER shall maintain daily records of the subcontractors' employees job site hours and be liable for payment of these employees' wages, travel, health and welfare, pension, annuity, vacation, labor management and training fund contributions in accordance with this Agreement.

6. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument effecting the change that a new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6597

11/09/2012 08:27 FAX 815 873 8972　　　LABORERS LOCAL 32　　　→ CLPF　　　@003/008
Sep 14 12 08:16p　　Just Masonry Inc　　　　　　　　　　　815-667-4779　　p.4
09/14/2012 13:41 FAX 815 873 8972　　　LABORERS LOCAL 32　　　　　　　　　　@004

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2015, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___ day of ___Sep___, 20_12_.

ACCEPTED:

LABORERS' LOCAL UNION NO. 32

_____
(Business Manager)
President

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

_____
(Business Manager)

Just Masonry Inc.
(Contractor Name)

_____
(Signature)

Jason Just   officer
(Name & Title)

1921 9th St
(Address)

Peru, IL 61354
(City, State & Zip Code)

815-223-3353
(Telephone Number)

815-667-4779
(Facsimile Number)

_____
(Federal Employer Identification Number)

-3-

RECEIVED
NOV - 9 2012